NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ISRAEL JIMENEZ-TAPIA, | No. 20-72325 |
| Petitioner, | Agency No. A205-720-563 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

| | |
|---|---|
| ISRAEL JIMENEZ-TAPIA, | No. 22-1015 |
| Petitioner, | Agency No. A205-720-563 |
| v. | |
| PAMELA BONDI, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2026**
Pasadena, California

---

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: SCHROEDER, WARDLAW, and BADE, Circuit Judges.

Israel Jimenez-Tapia, a native and citizen of Mexico, petitions for review of a 2020 decision by the Board of Immigration Appeals (BIA) dismissing his appeal from the denial of his application for cancellation of removal. He also petitions for review of the BIA's 2022 denial of his motion to reopen based on ineffective assistance of counsel in the earlier proceeding. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petitions.

1. We have jurisdiction to review Petitioner's contention that the BIA erred in holding that he failed to meet the standard for exceptional and extremely unusual hardship. *See Wilkinson v. Garland*, 601 U.S. 209, 222 (2024). The record, however, does not compel the conclusion that Petitioner's now nearly 20-year-old U.S. citizen daughter or his approximately 90-year-old permanent resident mother would suffer exceptional and extremely unusual hardship if he were removed to Mexico. *See Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1007-08 (9th Cir. 2025); *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 63-64 (BIA 2001). The record demonstrates that they have extensive family ties both in this country and in Mexico. In addition, Petitioner could continue providing financial support even after removal. The denial of cancellation is supported by substantial evidence. To the extent Petitioner raises a due process argument, the record shows that the agency "discussed all evidence that was highly probative or potentially

22-1015

dispositive." *Gonzalez-Juarez*, 137 F.4th at 1008; *see also Larita-Martinez v. INS*, 220 F.3d 1092, 1095-96 (9th Cir. 2000).

2. The motion to reopen asserted that prior counsel provided ineffective assistance by (1) not obtaining a psychological evaluation of Petitioner's daughter to show how much she would be harmed by leaving the United States for Mexico, and (2) failing to apply for asylum, withholding of removal, and protection under the Convention Against Torture. Petitioner generally contends that medical treatment available in this country is unavailable in Mexico, but he has never identified what treatment his daughter requires. Petitioner has also never identified a cognizable social group or imputed political opinion that would be the basis for asylum or withholding of removal. Nor has he shown any basis for holding that he faces a particularized risk of persecution or torture, *see Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023), even in light of any changed conditions in Mexico.

**PETITIONS DENIED**.[1]

---

[1] The motion for a stay of removal (Case No. 22-1015, Docket Entry 2) is denied.